| | |
|---|---|
| KAREN JOHNSON | * |
| 815 E. Lake Avenue | |
| Baltimore, MD 21212 | * |
|    Plaintiff | |
|    v. | * |
| PROTAS SPIVOK & COLLINS, LLC | |
| 4550 Montgomery Ave. | *   IN THE CIRCUIT COURT |
| North Lobby Two, Suite 1125 | |
| Bethesda, Maryland 20814 | *   FOR |
| | |
|    SERVE ON: | *   BALTIMORE CITY |
|    JORDAN M. SPIVOK, | |
|    Resident Agent | *   CASE No.: 05 CV 0743 |
| | |
| PHILLIP J. COLLINS | * |
| 4550 Montgomery Ave. | * |
| North Lobby Two, Suite 1125 | * |
| Bethesda, Maryland 20814 | * |
|    Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES DUE TO VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

Comes now Karen Johnson, ("Plaintiff"), and prays this Court grant judgment for violation of the Fair Debt Collection Practices Act and of Maryland Law respecting the Collection of Debts and for cause says:

### PARTIES

1. That Plaintiff is an individual resident of Baltimore City, and is a consumer as that term is defined at 15 U.S.C. §1692a(3).

2. The Defendant PROTAS, SPIVOK & COLLINS, LLC ("PSC") is a Maryland Limited Liability Company having its principal office and doing business in the State of Maryland. PSC regularly does business in Baltimore City. PSC is a debt collector within the meaning of 15 USC §1692a(6).

3. The Defendant Phillip S. Collins, Esq. ("Collins") is an attorney practicing law in the State of Maryland at the address set forth above. Ritter is a debt collector within the meaning of 15 USC §1692a(6).

## JURISDICTION

4. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 USC §§1692, et.seq.

## FACTS

5. On or about August 30, 2000, the Plaintiff's home was damaged by fire. Pursuant to a contract of insurance, an entity known as Crawford & Company ("Adjuster") arranged for Clothes Call Restoration ("CCR") to clean and restore certain clothing, curtains, etc. which had been damaged in the fire.

6. That on or about September 8, 2000 the Plaintiff, at her home in Baltimore City, executed a receipt and assignment with CCR. This receipt authorized CCR to submit its bill to Adjuster for payment. The receipt contained the pre-printed term "seal" next to Plaintiff's name but did not indicate any specific intention to extend limitations, as the same was contemplated by the Court of Appeals of Maryland in the case of Tipton v. Partner's Management, 364 Md. 419. The receipt also purported to bind Plaintiff to accept venue in Anne Arundel County, the requirements of Ann. Code MD, C&JP §6-201 notwithstanding.

7. That the receipt purported to bind Plaintiff to pay "any work not covered by my Insurance Company hereunder...(e.g. deductibles, etc.)."

8. That CCR established billing in the name of Crawford, indicating that the bill was with respect to services rendered to Crawford in connection with Crawford's obligations to Plaintiff.

9. That for reasons unknown, Crawford never paid CCR. CCR subsequently, and without permission of Plaintiff, changed its billing records to indicate that Plaintiff was its customer, but never returned Plaintiff's property.

10. That subsequently CCR retained Defendants PSC and Collins to collect the monies allegedly owed.

11. That on or about November 12, 2003 PSC and Collins filed suit in the District Court of Maryland for Anne Arundel County, case number 15700-03 ("the collection suit").

12. That an employee of PSC and Collins subsequently, and approxiamtely in February, 2004, contacted Plaintiff, who was without representation, and convinced her to consent to the entry of judgment pursuant to payment terms. The Order which PSC and Collins prepared was silent as to any forbearance from collection.

13. That even though Plaintiff complied with the payment terms of the Consent Order PSC and Collins nevertheless sought to issue attachments on wage and property. These attachments have severely damaged Plaintiff's ability to meet her normal ongoing obligations.

14. That in connection with the said wage and property attachments, PSC and Collins have failed to account for amounts paid by the Debtor.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT (Venue)

15. That the allegations of Paragraphs 1 through 14 are repeated and realleged as if more fully set forth herein.

16. That Plaintiff is, and was at all times relevant herein, a resident of Baltimore City, Maryland.

17. This transaction is a debt the collection of which is regulated by the FDCPA under the definition of "debt" set forth at 15 U.S.C. §1692a(5).

18. That Plaintiff's disputed liability to CCR arose as the result of a transaction which occurred solely in Baltimore City.  Plaintiff has no connection with Anne Arundel County other than the case filed by PSC and Collins.

19. That the filing and maintenance of the Anne Arundel County case was in violation of PSC's and Collins obligation as a debt collector pursuant to 15 USC §1692i(a)(2), which states, in pertinent part

> (a) Any debt collector who brings any legal action on a debt against any consumer shall -
> (1) in the case of any action to enforce an interest in real estate....
> **(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity -**
> **(A) in which such consumer signed the contract sued upon; or**
> **(B) in which such consumer resides at the commencement of the action.**

(emphasis added)

20. That the FDCPA provides, at 15 U.S.C. §1692k(a)(2)(A) for a statutory penalty in the amount of $1,000 for this violation, in addition to actual damages.  The FDCPA also provides, at 15 U.S.C. §1692k(a)(3), for an award of counsel fees.

## COUNT II - FAIR DEBT COLLECTION PRACTICES ACT (Notice)

21. That the allegations of Paragraphs 1 through 20 are repeated and realleged as if more fully set forth herein.

22. That service of the suit filed by PSC and Collins constituted their first communication with the Debtor with respect to the claims of CCR.

23. That the suit failed to include the verification language required by law, as set forth at 15 USC §1692g(a).

24. That upon information and belief, PSC and Collins have not sent the Plaintiff the statutory required disclosures within the five day period in which such disclosures are required to be sent pursuant to the section set forth above.

25. That the FDCPA provides, at 15 U.S.C. §1692k(a)(2)(A) for a statutory penalty in the amount of $1,000 for this violation, in addition to actual damages. The FDCPA also provides, at 15 U.S.C. §1692k(a)(3), for an award of counsel fees.

## COUNT III - FAIR DEBT COLLECTION PRACTICES ACT
### (False or Misleading Representations)

26. That the allegations of Paragraphs 1 through 25 are repeated and realleged as if more fully set forth herein.

27. That the claim set forth in the collection suit was uncollectible due to the expiration of the 3 year Statute of Limitations set forth in Ann. Code MD, C&JP §5-101, the longer limitation period of §5-102 being inapplicable under the doctrine set forth in Partners v. Tipton.

28. That PSC's and Collins' representation in discussion with the Plaintiff that the debt was enforceable violated their obligation to refrain from false representations regarding "the character, amount or legal status" of a debt, pursuant to 15 USC §1692e(2)(A).

29. That PSC's and Collins' representation regarding the amount of the alleged debt, and specifically any representation that the legitimate claim of CCR exceeded an amount which Crawford had not paid due to "any work not covered by my Insurance Company hereunder...(e.g. deductibles, etc.)" violated their obligation to refrain from false representations regarding "the character, amount or legal status" of a debt, pursuant to 15 USC §1692e(2)(A).

30. That the FDCPA provides, at 15 U.S.C. §1692k(a)(2)(A) for a statutory penalty in the amount of $1,000 for each of theses violations, in addition to actual damages. The FDCPA also provides, at 15 U.S.C. §1692k(a)(3), for an award of counsel fees.

## COUNT IV - FAIR DEBT COLLECTION PRACTICES ACT
### (Unfair Practices)

31. That the allegations of Paragraphs 1 through 30 are repeated and realleged as if more fully set forth herein.

32. That PSC's and Collins' representation in discussion with the Debtor that the debt was enforceable constituted an unfair practice due to their misrepresentations regarding "the collection of any amount (including any interest, fee or charge incidental to the principal obligation), unless such amount is ... permitted by law," as set forth at 15 USC §1692(f)(1).

33. That the filing of the collection suit in a venue other than that permitted by State or Federal Law constituted a further unfair practice regarding "the collection of any amount (including any interest, fee or charge incidental to the principal obligation), unless such amount is ... permitted by law," as set forth at 15 USC §1692(f)(1).

34. That PSC's and Collins' representation regarding the amount of the alleged debt, and specifically any representation that the legitimate claim of CCR exceeded an amount which Crawford had not paid due to "any work not covered by my Insurance Company hereunder...(e.g. deductibles, etc.)" constituted an unfair practice due to their misrepresentations regarding "the collection of any amount (including any interest, fee or charge incidental to the principal obligation), unless such amount is ... permitted by law," as set forth at 15 USC §1692(f)(1).

35. That the FDCPA provides, at 15 U.S.C. §1692k(a)(2)(A) for a statutory penalty in the amount of $1,000 for each of these violations, in addition to actual damages. The FDCPA also provides, at 15 U.S.C. §1692k(a)(3), for an award of counsel fees.

**WHEREFORE**, your Plaintiff prays this Court:

(a) Enter Judgment against Household Automotive Finance and L. David Ritter in the amount of $1,000 for each of the violations described above, together actual damages and reasonable attorney's fees.

(b) And for such other and further relief as justice and the nature of this cause may require.

RESPECTFULLY SUBMITTED,

_____
David W. Cohen
350 Blaustein Building
1 North Charles Street
Baltimore, MD 21201
410 837-6340

I certify that I have reviewed the above complaint and that the facts as set forth therein are true and correct to the best of my knowledge, information and belief

_____ *original signed by*
Karen Johnson